**E-Filed 2/19/10**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| SRINIVASAN RAMANUJAM,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>REUNION MORTGAGE, INC., et al.,<br><br>　　　　　Defendants. | Case Number 5:09-cv-03030-JF<br><br>ORDER[1] GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS<br><br>[re: document nos. 7, 13, 15, 16] |

Defendants move to dismiss Plaintiff's complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The Court has considered the moving and responding papers and the oral argument of counsel presented at the hearing on February 5, 2010. For the reasons discussed below, the motion will be granted in part and denied in part, with leave to amend.

## I. BACKGROUND

This action arises out of a residential mortgage transaction in which Defendants Reunion Mortgage, Inc. ("Reunion"), CitiMortgage Inc. ("Citi"), and Mortgage Electronic Registration

---

[1] This disposition is not designated for publication in the official reports.

Case No. C 09-3030 JF (HRL)
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS
(JFEX1)

Systems, Inc. ("MERS") (collectively, "Defendants") allegedly violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and the Real Estate and Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq*. Plaintiff Srinivasan Ramanujam ("Plaintiff") resides in Santa Cruz, California. Complaint ¶ 2. On July 3, 2007, Plaintiff refinanced the subject property with a loan from Reunion. Complaint ¶ 8. Plaintiff alleges that the documentation of the refinance transaction failed to disclose accurately the annual percentage rate, amount financed, and finance charge within the ranges of deviation permitted by TILA. Complaint ¶ 20. Plaintiff also alleges that he was not provided two completed copies of the Notice of Right to Cancel required by TILA. Complaint ¶ 10.

Plaintiff alleges that he has provided a Notice of Rescission to both Reunion and Citi and that he is ready, willing, and able to tender back to the Defendants the amount due to them. Complaint ¶¶ 11, 14. Plaintiff also alleges that Citi failed to respond to a qualified written request ("QWR") as required by RESPA. Complaint ¶ 35.

Plaintiff filed this action on July 6, 2009, seeking (1) cancellation of the written instruments arising from the transaction; (2) declaratory relief; (3) rescission; (4) quiet title; and (5) remedies for a violation of RESPA.

Defendants collectively move to dismiss.

## II. MOTION TO DISMISS

**A.    Legal Standard**

"Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)

(citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)). Thus, a court need not accept as true conclusory allegations, unreasonable inferences, legal characterizations, or unwarranted deductions of fact contained in the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-755 (9th Cir. 1994).

Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). When amendment would be futile, however, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

**B.     Documents Considered By The Court**

According to the complaint, Plaintiff executed a Deed of Trust on or about July 3, 2007. Complaint ¶¶ 8, 16. The Deed of Trust is not attached to the complaint, but Defendants have provided a copy. Def.'s Mot. Ex. A. The Court properly may consider this document. *See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002) (holding that "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss"); and *In re Stac Elcs. Sec. Litig.*, 89 F. 3d 1399, 1405 n.4 (9th Cir. 1996) (noting that complete copies of documents whose contents are alleged in the complaint may be considered in connection with a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)).

Defendants also provide a copy of the Adjustable Rate Rider ("Rider") executed by the Plaintiff in connection with the refinancing transaction. Def.'s Mot. Ex. A. This document is not referred to by name in the complaint, but Plaintiff does refer to "loan documentation" that contains "inaccurate disclosures of a material nature." Complaint ¶ 9. Because the Rider clearly is such "loan documentation", the Court also may consider the Rider. *See In re Stac*, 89 F. 3d at 1405.

Defendants provide a copy of a Notice of Right to Cancel executed by Plaintiff. Def.'s Mot. Ex. B. Plaintiff attaches to his opposition papers a copy of an unexecuted Notice of Right to Cancel. Opposition Ex. 1. However, the complaint does not allege the contents of either

3

1 document, but states merely that two completed copies of the Notice of Right to Cancel were not
2 provided at a particular time. Complaint ¶ 10. Because the complaint does not allege the
3 contents of any Notice of Right to Cancel, the Court may not consider either document on this
4 motion to dismiss.

Defendants provide a copy of a letter from Plaintiff's counsel to Citi, dated April 15,
2009. Def.'s Mot. Ex. C. The complaint characterizes the contents of this letter as a QWR.
Complaint ¶¶ 12, 34. Accordingly, the Court may consider the complete document. *Id.*

Finally, Defendants provide a copy of a letter from Citi to Plaintiff, dated April 29, 2009.
Def.'s Mot. Ex. D. The complaint alleges in relevant part that: "Citi failed to respond to the
qualified written request in compliance with 12 U.S.C. § 2605(e) . . .". Complaint ¶ 35.
Defendants argue that this paragraph alleges the contents of their Exhibit D, interpreting it as a
claim that Citi's response did not comply with statutory requirements. However, Exhibit D is not
a complete copy of a document whose contents were alleged in the complaint: while the exhibit
refers to an enclosure containing "a copy of the loan history as requested", the enclosure is not
provided. The Court declines to consider only part of a referenced document.

## C. Cancellation of written documents and rescission

Plaintiff's first and third claims of relief will be discussed together. Plaintiff's third claim
seeks TILA-based rescission of the subject loan. The first claim seeks cancellation of the written
instruments related to the loan.

TILA is a consumer protection statute that seeks to "avoid the uninformed use of credit."
15 U.S.C. § 1601(a). The statute is designed "to protect consumers' choice through full
disclosure and to guard against the divergent and at times fraudulent practices stemming from
uninformed use of credit." *King v. California,* 784 F.2d 910, 915 (9th Cir. 1986); *see also Semar
v. Platte Valley Fed. Sav. & Loan Ass'n,* 791 F.2d 699, 705 (9th Cir. 1986) ("Congress designed
[TILA] to apply to all consumers, who are inherently at a disadvantage in loan and credit
transactions."). Because the statute is remedial in nature, it is to be applied broadly in
favor of the consumer. *Jackson v. Grant*, 890 F.2d 118, 120 (9th Cir. 1989); *see also Plascencia
v. Lending 1st Mortgage,* No. C 07-4485 CW, 2008 WL 1902698, *3 (N.D. Cal. Apr. 28, 2008)

("TILA has been liberally construed in the Ninth Circuit.") (internal quotations and citation omitted). Thus, even "[t]echnical or minor violations" of TILA or its implementing regulations may impose liability on the creditor. *Semar,* 791 F.2d at 704 (noting also that "[t]o insure that the consumer is protected . . . [TILA and its implementing regulations must] be absolutely complied with and strictly enforced").

Defendants contend that Plaintiff's TILA rescission claim must be dismissed because the request for rescission was made outside the three-day period permitted by the statute. The right of a borrower to rescind the loan transaction expires three business days after the date of the transaction. 15 U.S.C § 1635(a). Defendants contend that because the loan transaction closed in July 2007, Plaintiff's right to rescind has expired.

Plaintiff contends that he is entitled to an extension because Defendants failed to deliver material disclosures and two completed copies of the Notice of Right to Cancel. Complaint ¶¶ 20-21. It is undisputed that the right to rescind may be extended, "[i]f the required notice or material disclosures are not delivered." 12 C.F.R. § 226.23(a)(3). However, Plaintiff provides only conclusory statements that Defendants' material disclosures were inaccurate or not delivered. Legal conclusions without sufficient supporting factual allegations are insufficient to state a claim. *Clegg,* 18 F.3d at 754-755. To the extent that the extension of the right to rescind is premised on inaccurate or undelivered material disclosures, the complaint presently lacks a sufficient factual basis to support the claim.

Plaintiff also alleges that he did not receive two completed copies of the Notice of Right to Cancel. Complaint ¶¶ 10, 20, 26. This allegation, if proved true, would extend the three-day period to three years. *Garcia v. Wachovia Mortg. Corp.*, __ F. Supp. 2d __, 2009 WL 3837621, *3 (C.D. Cal. 2009), citing *Semar v. Platte Valley Federal Sav. & Loan Ass'n*, 791 F.2d 699, 701 (9th Cir. 1986); 15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(b)(1)(v) (mandating a creditor to "deliver two copies of the notice of the right to rescind to each consumer entitled to rescind...the notice shall clearly disclose...the date the rescission period expires."). Defendants claim that in fact Plaintiff did receive two completed copies of the Notice of Right to Cancel. As discussed above, Defendants' evidence may not be considered on this 12(b)(6) motion because the contents

5

were not alleged in the complaint. Defendants may raise the issue on a subsequent dispositive motion.

**D.    Declaratory relief**

Plaintiff requests a declaration of the rights and obligations of the parties with respect to the subject loan. Specifically, Plaintiff seeks a declaration that the loan was rescinded and a determination of the amount of money he owes to Defendants. Complaint ¶ 23. Defendants argue that this claim is duplicative of the relief sought for rescission of the loan.

In deciding whether declaratory relief is appropriate, the court first determines whether there is an actual case or controversy within its jurisdiction. *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005). If an actual case or controversy does exist, the court must decide whether to exercise its jurisdiction over the controversy by examining the factors announced in *Brillhart v. Excess Ins. Co.*, 316 U.S .491 (1942). *Id*. The factors state that "1) the district court should avoid needless determination of state law issues; 2) it should discourage litigants from filing declaratory actions as a means of forum shopping; and 3) it should avoid duplicative litigation." *Principal Life*, 394 F.3d at 672. If the court does not exercise jurisdiction, it must explain the basis of its decision on the record. *Id.*

Here, there is a controversy surrounding the validity of Plaintiff's rescission of the loan. There are no issues of state law: the rescission claim is based on TILA. Relatedly, the danger of forum-shopping is low, as federal courts are appropriate for determining issues of federal law. Defendants are correct that the declaratory relief sought effectively will be identical to the relief sought with respect to Plaintiff's other claims. However, the claim for declaratory relief essentially seeks a particular remedy for the alleged defects in the subject transaction.

**E.    Quiet Title**

Defendants argue that Plaintiff's claim for quiet title is defective because Plaintiff has not pled ability to tender and has failed to plead adequately regarding the various Defendants' rights or interests in the property. Plaintiff has alleged that he "is ready, willing and able to tender back to defendants whatever amount due them under the Truth in Lending Act, once such amount is determined. Presently, that amount is not known." Complaint ¶ 14. Defendants contend that

6

Case No. C 09-3030 JF (HRL)
ORDER GRANTING IN PART, DENYING IN PART MOTION TO DISMISS
(JFEX1)

this is insufficient to meet the requirements of "a meaningful tender for quiet title". Def.'s Reply at 5.

The purpose of a quiet title action is to establish one's title against adverse claims to real property. A basic requirement of an action to quiet title is an allegation that plaintiffs 'are the rightful owners of the property, i.e., that they have satisfied their obligations under the Deed of Trust.'" *Santos v. Countrywide Home Loans*, No. Civ. 2:09-02642 WBS DAD, 2009 WL 3756337, at *4 (E.D. Cal. Nov. 6, 2009), quoting *Kelley v. Mortgage Elec. Reg. Sys., Inc.,* 642 F.Supp.2d 1048, 1057 (N.D. Cal. 2009). "[A] mortgagor cannot quiet his title against the mortgagee without paying the debt secured." *Watson v. MTC Financial, Inc.,* No. 2:09-CV-01012 JAM-KJM, 2009 WL 2151782, at *4 (E.D. Cal. Jul. 17, 2009) (quoting *Shimpones v. Stickney,* 219 Cal. 637, 649 (1934)).

Here, Plaintiff claims that he can satisfy his obligation under the Truth in Lending Act. This is sufficient for pleading purposes. However, Plaintiff has failed to sufficiently allege the nature of the various Defendants' rights or interests in the property. Absent such allegations, the complaint fails to state a claim for quiet title. *See* Cal. Code Civ. Proc. § 761.020(c).

**F.    RESPA violations**

Citi argues that Plaintiff's RESPA claim fails because Plaintiff never sent a qualified written request ("QWR") to Citi and, even if he did, Citi responded adequately to the request.

12 U.S.C. § 2605(e) governs QWR's. A request must meet certain criteria in order to be considered as a QWR. A QWR requests information relating to the servicing of a loan. 12 U.S.C. § 2605(e)(1)(A). A QWR is a written request other than notice on a payment coupon or other payment medium supplied by the servicer. 12 U.S.C. § 2605(e)(1)(B). The request must provide sufficient information for the servicer to identify the name and account of the borrower. 12 U.S.C. § 2605(e)(1)(B)(i). Finally, the request must either include a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provide sufficient detail to the servicer regarding other information sought by the borrower. 12 U.S.C. § 2605(e)(1)(B)(ii).

As discussed above, the Court may consider Def.'s Mot. Ex. C because the contents of

7

the letter are alleged in the complaint. Exhibit C does request information relating to the servicing of the loan, namely payment histories and how statement amounts were calculated. The request is made in letter rather than on a payment medium supplied by the servicer. The request includes the Plaintiff's account number, and it indicates that Plaintiff believes there was an error in the March 11, 2009 statement. While it does not include a statement of the reasons, the request does provide sufficient detail regarding "other information sought". Specifically, the letter requests information regarding the current mortgage holder, the complete payment history, an explanation of how the March 11, 2009 statement was calculated, and specific information about the escrow account. Accordingly, for purposes of the instant motion, the Court concludes that Exhibit C is a QWR.

Citi contends that it responded appropriately. After receipt of a QWR, the servicer must acknowledge receipt within 20 days. 12 U.S.C. § 2605(e)(1)(A). The servicer must conduct the appropriate investigations, make any appropriate corrections, and provide written explanations regarding the QWR within 60 days. 12 U.S.C. § 2605(e)(2)(B) and (C). The complaint alleges that Citi failed to conduct an investigation and failed to provide the requested information. Even if the Court were to consider Defendants' Exhibit D, that document does not show that Citi provided the requested information or conducted the appropriate investigation.

**G.  Dismissal as to MERS**

Finally, Defendants argue that Claims One through Four should be dismissed entirely with respect to MERS because Plaintiff has not alleged that MERS has committed any wrong doing or that MERS has any beneficial interest in the loan. The complaint mentions MERS only in one paragraph, indicating that MERS is the beneficiary under the Deed of Trust. Complaint ¶ 5.

Plaintiff's allegation with respect to MERS's interest in the loan or property is too conclusory to support the claims as to MERS.

## III. ORDER

(1) The motion to dismiss is GRANTED IN PART AND DENIED IN PART, with leave to amend consistent with the foregoing discussion;

(2) Any amended pleading shall be filed and served within thirty (30) days of the date this order is filed.

DATED: 2/19/10

_____
JEREMY FOGEL
United States District Judge