**E-Filed 6/9/10**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SRINIVASAN RAMANUJAM, an individual, | Case Number 5:09-cv-03030-JF |
| Plaintiff, | ORDER[1] GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS |
| v. | |
| REUNION MORTGAGE, INC., a California corporation, CITIMORTGAGE, INC., a Delaware corporation, MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., a Delaware corporation, CITIBANK, N.A., a national banking association, and DOES 1 through 10, inclusive, | [re: document no. 24] |
| Defendants. | |

Defendants move to dismiss Plaintiff's first amended complaint ("FAC") for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The Court has considered the moving and responding papers and the oral argument of counsel presented at the hearing on May 28, 2010. For the reasons discussed below, the motion will be granted in part and denied in part.

## I. BACKGROUND

This action arises out of a residential mortgage transaction in which Defendants Reunion

---

[1] This disposition is not designated for publication in the official reports.

Case No. C 09-3030 JF (HRL)
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS
(JFEX1)

Mortgage, Inc. ("Reunion"), CitiMortgage Inc. ("CMI"), CitiBank, N.A. ("Citi"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Defendants") allegedly violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and the Real Estate and Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.* Plaintiff Srinivasan Ramanujam ("Plaintiff") owns real property commonly known as 103 Charles Hill Court, Santa Cruz, California, 95065. (FAC ¶ 2.) On July 3, 2007, Plaintiff refinanced the subject property with a loan from Reunion. (FAC ¶ 8.) Citi is alleged to be the current holder of the loan. (FAC ¶ 5.) CMI is alleged to be the servicer of the loan. (FAC ¶ 3.) Plaintiff alleges that the loan documentation contained inaccurate and inadequate disclosures.

Specifically, Plaintiff was provided with a form entitled "Itemization of the Amount Financed", showing the amount financed to be $949,733.43, while he also was provided a Truth in Lending Act Disclosure Statement that showed the amount financed to be $948,665.59. (FAC ¶ 9.) Through documents obtained from Reunion in April 2009, Plaintiff learned that the actual amount financed was $948,665.59. (*Id.*) The Itemization of Amount Financed also disclosed a prepaid finance charge of $17,466.46. (FAC ¶ 10.) However, the documents provided by Reunion in April 2009 disclosed a prepaid finance charge of $18,534.41. (*Id.*) Further, the documentation provided to Plaintiff at the closing disclosed a yield spread premium of $454.58, while the documents provided in April 2009 showed a yield spread premium of $1,663.58. (*Id.*) In addition, Plaintiff alleges that he was not provided two completed copies of the Notice of Right to Cancel required by TILA. (FAC ¶ 12.)

On April 15, 2009, Plaintiff provided a notice of rescission to both Reunion and Citi. (FAC ¶ 42.) He alleges that he is ready, willing, and able to tender back to the Defendants the amount due to them. (FAC ¶ 25.) On April 23, 2009, Reunion responded by letter and denied that Plaintiff had the right to rescind the loan. Plaintiff also alleges that he mailed a qualified written request ("QWR") to CMI and that CMI failed to respond to the QWR as required by RESPA. (FAC ¶ 39.)

Plaintiff filed this action on July 6, 2009, seeking (1) cancellation of the written instruments arising from the transaction; (2) declaratory relief; (3) rescission; (4) quiet title; and

1  (5) remedies for a violation of RESPA.  On February 19, 2010, this Court granted in part and
2  denied in part Defendants' motion to dismiss the complaint.  On March 15, 2010, Plaintiff filed
3  the operative FAC, re-alleging the five claims for relief from his original complaint and adding a
4  sixth claim for damages from Defendants' violation of TILA.  Defendants move to dismiss
5  Plaintiff's first, third, fifth, and sixth claims.

## II. MOTION TO DISMISS

**A.     Legal Standard**

"Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)).  Thus, a court need not accept as true conclusory allegations, unreasonable inferences, legal characterizations, or unwarranted deductions of fact contained in the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-755 (9th Cir. 1994).

In assessing whether to grant Plaintiffs another opportunity to amend, the Court considers "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party[,] and futility of the proposed amendment." *Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001) (quoting *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989)).  When amendment would be futile, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

**B.      Cancellation of written documents and rescission**

Plaintiff's first and third claims of relief will be discussed together. Plaintiff's third claim seeks TILA-based rescission of the subject loan. The first claim seeks cancellation of the written instruments related to the loan. Defendants' correctly point out that "where a consumer's right to rescind is contested by the creditor, a court would normally determine whether the consumer has a right to rescind and determine the amounts owed before establishing the procedures for the parties to tender any money or property." 12 C.F.R. Pt. 226, Supp. I at ¶ 23(d)(4)(1). However, the mere fact that Defendants contest Plaintiff's ability to rescind the loan is not a ground for dismissal.

The right of a borrower to rescind the loan transaction expires three business days after the date of the transaction. 15 U.S.C § 1635(a). It is undisputed that the right to rescind may be extended to three years "[i]f the required notice or material disclosures are not delivered." 12 C.F.R. § 226.23(a)(3). Plaintiff alleges that the original loan documentation was misleading because of a discrepancy in the amount financed and that the prepaid finance charge was incorrectly disclosed. (FAC ¶¶ 9-10.) Plaintiff alleges that he did not discover the true amount financed or the prepaid finance charge until April 2009. (*Id.*) The discrepancy between the amount financed was $1,067.84, and the prepaid finance charge was understated by $1,067.95.

The statute is designed "to protect consumers' choice through full disclosure and to guard against the divergent and at times fraudulent practices stemming from uninformed use of credit." *King v. California,* 784 F.2d 910, 915 (9th Cir. 1986); *see also Semar v. Platte Valley Fed. Sav. & Loan Ass'n,* 791 F.2d 699, 705 (9th Cir. 1986) ("Congress designed [TILA] to apply to all consumers, who are inherently at a disadvantage in loan and credit transactions."). Because the statute is remedial in nature, it is to be applied broadly in favor of the consumer. *Jackson v. Grant*, 890 F.2d 118, 120 (9th Cir. 1989); *see also Plascencia v. Lending 1st Mortgage,* No. C 07-4485 CW, 2008 WL 1902698, *3 (N.D. Cal. Apr. 28, 2008) ("TILA has been liberally construed in the Ninth Circuit.") (internal quotations and citation omitted). Thus, even "[t]echnical or minor violations" of TILA or its implementing regulations may impose liability on the creditor. *Semar,* 791 F.2d at 704 (noting also that "[t]o insure that the consumer is

4

protected . . . [TILA and its implementing regulations must] be absolutely complied with and strictly enforced"). Accordingly, even a relatively small discrepancy of approximately $1,067 may be material for purposes of TILA.

Plaintiff also alleges that he did not receive two completed copies of the Notice of Right to Cancel. (FAC ¶ 12.) This allegation, if proved true, also would extend the three-day period to three years. *Garcia v. Wachovia Mortg. Corp.*, __ F. Supp. 2d __, 2009 WL 3837621, *3 (C.D. Cal. 2009), citing *Semar v. Platte Valley Federal Sav. & Loan Ass'n*, 791 F.2d 699, 701 (9th Cir. 1986); 15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(b)(1)(v) (mandating a creditor to "deliver two copies of the notice of the right to rescind to each consumer entitled to rescind...the notice shall clearly disclose...the date the rescission period expires.").

**C.    Quiet Title**

Defendants argue that Plaintiff's claim for quiet title is defective because Plaintiff has not (1) verified the FAC, (2) provided a legal description of the property, and (3) identified the date as to which he seeks the determination, all requirements of a claim for quiet title under Cal. Code of Civ. Proc. § 761.020 ("Section 761.020"). As originally filed, the FAC lacked these features. However, subsequent to the hearing on the instant motion, Plaintiff filed a verification of the complaint and a legal description of the property. (Docket Nos. 32-33.) To the extent that the FAC does not specifically indicate the date as to which the determination is sought,[2] Fed. R. Civ. P. 8(a)(2) requires only that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief". This remaining requirement of Section 761.020 is a procedural nuance that is "nonsubstantial, or trivial", "not likely to raise the sort of equal protection problems which troubled the Court in *Erie*", and is "unlikely to influence the choice of a forum." *Hanna v. Plumer*, 380 U.S. 460, 468 (1965). Accordingly, the Court will decline to dismiss Plaintiff's claim for quiet title.[3]

---

[2]    Plaintiff alleges to have mailed a notice of rescission to both Reunion and Citi on April 15, 2009. Presumably, Plaintiff seeks a determination as of that date.

[3]    Defendants argue that this claim is duplicative in light of Plaintiff's first and third claims. The Court interprets Plaintiff's claim for quiet title to be a form of relief with respect to

5

**D.     TILA damages**

Defendants argue that Plaintiff's TILA claims must be dismissed with respect to CMI because CMI merely is the servicer of Plaintiff's loan.  Plaintiff does not oppose this aspect of Defendants motion.  Accordingly, the claim will be dismissed with respect to CMI.  Because of Plaintiff's non-opposition, the dismissal is without leave to amend.

**E.     Dismissal as to MERS**

While Plaintiff's previous complaint named MERS as a defendant, the FAC does not include MERS as a named defendant or refer to MERS in any way.  Defendants move to dismiss all claims with respect to MERS, and Plaintiff concedes this point.  Because of Plaintiff's non-opposition, the dismissal is without leave to amend.

### III. CONCLUSION

Defendants' motion with respect to MERS and Plaintiff's TILA claim against CMI will be granted without leave to amend.   The motion otherwise will be denied.  Defendants shall answer the operative complaint within twenty (20) days of the date of this order.

IT IS SO ORDERED.

DATED:  6/8/10

_____
JEREMY FOGEL
United States District Judge

---

his claim for rescission.