\*\*E-Filed 2/3/2011\*\*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| SRINIVASAN RAMANUJAM, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>REUNION MORTGAGE, INC., a California corporation, CITIMORTGAGE, INC., a Delaware corporation, MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., a Delaware corporation, CITIBANK, N.A., a national banking association, and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case Number 5:09-cv-03030-JF/HRL<br><br>ORDER[1] GRANTING MOTIONS FOR SUMMARY JUDGMENT<br><br>[re: document no. 55, 61] |

Plaintiff Srinivasan Ramanujam asserts claims for rescission of a loan issued by Defendant Reunion Mortgage, Inc., ("Reunion"), held by Defendant CitiBank, N.A., ("Citi"), and serviced by Defendant CitiMortgage, Inc. ("CMI"). All Defendants move for summary judgment, claiming that Ramanujam failed to exercise his right to rescind the loan within the period allowed by the Truth In Lending Act (TILA), 15 U.S.C. § 1601 *et seq*. While Defendants concede that Ramanujam initially was given inaccurate TILA disclosures, they contend that because Ramanujam received corrected TILA disclosures and a new notice of his right to cancel,

---

[1] This disposition is not designated for publication in the official reports.

Case No. C 09-3030 JF (HRL)
ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT
(JFLC3)

his right to rescind expired three business days after he received these documents.

Ramanujam argues that the corrected disclosures themselves were defective because of a misleading cover letter that "assured" him that the "terms of [his] loan" were unchanged. Accordingly, he claims that he exercised his right to rescind within the three-year period allowed by TILA when inadequate disclosures are provided. The Court concludes that the corrected TILA disclosures and the accompanying cover letter were sufficient to disclose clearly and conspicuously all of the information required by TILA and to inform a reasonable consumer that the earlier disclosures were inaccurate. Accordingly, Ramanujan had three business days following receipt of the corrected disclosures to rescind the loan, and because he did not do so Defendants are entitled to summary judgment. Citi's separate motion for summary judgment with respect to Ramanujam's related claim under the Real Estate Settlement Procedures Act ("RESPA") also will be granted.

## I. BACKGROUND

On July 3, 2007, Ramanujam and his wife refinanced their home with a loan from Reunion. The Note provided for an adjustable rate mortgage with an initial yearly rate of 6.25% for the first five years, after which the interest rate would be calculated by adding a margin rate of 2.25% to an index rate based upon the LIBOR index.[2] (Rand Decl., Ex C.) The interest rate was capped at 12.625%. *Id.* At the same time, the Ramanujams were given a TILA Disclosure Statement ("TILDS") showing an APR of 7.185% and a Finance Charge of $1,557,012.47. (Pl.'s Decl. Ex. 2.) The TILDS indicated that these calculations were made "[a]ssuming the index remains unchanged or the life of the loan," and the index used to calculate the APR was 4.98%. (*Id.*)

On July 19, 2007, Ramanujam received a new TILDS, together with a cover letter indicating that there had been an error in the original TILA disclosures. (Pl.'s Decl. ¶ 4, Ex. 4.) The cover letter reads in relevant part as follows:

> After reviewing your loan documents it was discovered that there had

---

[2] According to the Note, the LIBOR index is the average of interbank offered rates for six-month U.S. dollar denominated deposits in the London market. (Rand Decl., Ex C.)

> been an error on your "Federal Truth In Lending Disclosure Statement".
> When the document was created, the incorrect "Index Value" was entered into our system causing the payment information on the document to be calculated incorrectly. The index value of 4.980% was based on the loan program that your file was originally submitted under by your Mortgage Broker. When your loan program was changed to better suit your needs, the information was not corrected to match the new program. The Index Value should be 5.376%. Due to this, we are asking that you sign the corrected document so we can have the correct information in your file. As we are required to do so by the Truth In Lending Act (TILA), enclosed is a new "Notice of Right to Cancel" also to be signed. We assure you this does not change any of the terms of the loan.

(*Id.*)

The new TILDS contained an APR of 7.404% (0.219% higher than the previous disclosure) and a Finance Charge of $1,627,186.08 ($70,173.61 more than in the previous disclosure). (Pl.'s Decl. Ex. 3.) The amount of the most common payment increased from $7,644.52 to $7,865.79 – a difference of $221.27 – and the index used to calculate the APR was corrected to 5.376%. (*Id.*) Ramanujam also received a Notice of Right to Cancel informing the Ramanujams that they had until July 23, 2007 to rescind the loan. (*Id.*) Apparently without reading the new TILDS, Ramanujam filed the documents away and took no further action for nearly two years. (*See* Ramanujam Deposition 111:16-113:11.)

On April 15, 2009, Ramanujam sent Reunion a Notice of Rescission, with a copy to CMI. (Butler Decl., Ex. 8.) Ramanujam received a response from Reunion stating that Reunion believed that it had acted in good faith. (Pl.'s Decl. Ex. 5.) On the same date, Ramanujam wrote to CMI seeking loan information and asking that his letter be treated as a qualified written request under RESPA. (Pl.'s Deposition, Ex. 7.) On April 29, 2009, CMI responded stating that the letter did not meet the requirements for a qualified written request under RESPA. (Pl.'s Deposition, Ex. 8.) The response also included a copy of the loan history and a statement that the loan did not include an escrow account. (*Id.*) On July 6, 2009, Ramanujam initiated the instant action, asserting claims for claims for rescission, violation of TILA, and violation of RESPA.

## II.  LEGAL STANDARD

A motion for summary judgment should be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P.

3

1    56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 2509-10, 91

2    L.Ed.2d 202 (1986).  Material facts are those that might affect the outcome of the case under the

3    governing law.  *Id.* at 248.  There is a genuine dispute about a material fact if there is sufficient

4    evidence for a reasonable jury to return a verdict for the nonmoving party.  *Id.*  The moving party

5    bears the initial burden of informing the Court of the basis for the motion and identifying

6    portions of the pleadings, depositions, admissions, or affidavits that demonstrate the absence of a

7    triable issue of material fact.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552,

8    91 L.Ed.2d 265 (1986).  Where the party moving for summary judgment would not bear the

9    ultimate burden of persuasion at trial, it must either produce evidence negating an essential

10   element of the nonmoving party's claim or defense or show that the nonmoving party does not

11   have enough evidence of an essential element to carry its ultimate burden of persuasion at trial.

12   *Nissan Fire & Marine Ins. Co. v. Fritz Cos.,* 210 F.3d 1099, 1102 (9th Cir. 2000).  If the moving

13   party meets its initial burden, the burden shifts to the nonmoving party to present specific facts

14   showing that there is a genuine issue of material fact for trial.  Fed. R. Civ. P. 56(e); *Celotex,* 477

15   U.S. at 324, 106 S.Ct. at 2553.

16   　　　　The evidence and all reasonable inferences must be viewed in the light most favorable to

17   the nonmoving party.  *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-

18   31 (9th Cir. 1987).  Summary judgment thus is not appropriate if the nonmoving party presents

19   evidence from which a reasonable jury could resolve the material issue in its favor.  *Liberty*

20   *Lobby,* 477 U.S. at 248-49, 106 S.Ct. at 2510; *Barlow v. Ground,* 943 F.2d 1132, 1134-36 (9th

21   Cir. 1991).

## III. DISCUSSION

**A.    Timeliness of the Notice of Recission**

Under TILA a borrower may rescind a loan

> until midnight of the third business day following the consummation of the transaction *or* the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this title, *whichever is later . . . .*

15 U.S.C. § 1635(a) (emphasis added).  Where the lender fails to provide the material disclosures

4

or notice of the right to rescind, the borrower's right to rescind is extended until three years after the date of the transaction. 15 U.S.C. § 1635(f); 12 C.F.R. § 226.23(a)(3). Clarity and conspicuousness under TILA are questions of law. *Rubio v. Capitol One Bank*, 613 F.3d 1195, 1200 (9th Cir. 2010).

Reunion concedes that in the instant case the original TILDS was inaccurate, and the other material facts appear to be undisputed. Reunion Mot. at 1. The present motion turns upon the legal question of whether the inaccuracies in the original TILDS were corrected sufficiently by the disclosures Ramanujam received on July 19, 2007. If they were, the Ramanujams' right to rescind the loan expired on July 23, 2007, three business days after their receipt of the corrected disclosures. If not, the instant action is timely. Ramanujam does not contest the factual accuracy of the information contained in the TILDS he received on July 19, 2011.[3] Instead, he contends that the disclosures were not "clear and conspicuous" in light of the earlier inaccurate disclosures, and that the cover letter to which the corrected disclosures were attached was misleading.

The purpose of TILA is to ensure that users of consumer credit are informed as to the terms on which credit is offered them. *Jones v. E\*Trade Mortgage Corp.*, 397 F.3d 810, 812 (9th Cir. 2005); *see* 15 U.S.C. § 1601. Under the applicable implementing regulations, "material disclosures" consist of "the annual percentage rate, the finance charge, the amount financed, the total of payments, the payment schedule, and the disclosures and limitations referred to in section 226.32(c) and (d) and 226.32(b)(2)." 12 C.F.R. § 226.23(a)(3), n. 48. TILA and its implementing regulations require that disclosures be made "clearly and conspicuously." 15 U.S.C. § 1632(a); 12 C.F.R. § 226.17(a). "Clear and conspicuous disclosures" are disclosures that a reasonable consumer would notice and understand. *Barrer v. Chase Bank United States, N.A.*, 566 F.3d 883, 892 (9th Cir. 2009). When a consumer has received inaccurate information from the lender regarding material terms or consumer rights, the provision of a compliant TILA form may not always be sufficient to counteract clearly and conspicuously the misinformation

---

[3] Reunion's expert declares that the calculations made in the corrected TILDS accurately represent the Note signed by Ramanujam. *See* Rand Decl. ¶¶ 2-6.

1  that the consumer has received.  *See Jones*, 397 F.3d at 810; *see also Jenkins v. Landmark*
2  *Mortgage Corp. Of Am.*, 696 F. Supp 1089 (W.D. Va. 1988) (disclosures were not "clear and
3  conspicuous" as a result of misleading statements by a closing agent and in attached cover letter
4  regarding TILA requirements).  However, the mere use of alternative technical language in
5  collateral documents does not render otherwise compliant TILA forms unclear.  *See Velasquez v.*
6  *GMAC Mortgage Corp.*, 605 F. Supp. 2d 1049, 1063 (C.D. Cal. 2008) (holding that language in
7  the Note describing the payment of "interest at a yearly rate" based on a calculation different
8  than the "APR" rate disclosed in the TILA disclosure did not render the disclosure unclear).

9        In *Jones*, a consumer received a "Notice of Right to Cancel" that state accurately that if
10 the loan was rescinded within three business days the lender "must return to you any money or
11 property you have given us or to anyone else in connection with the transaction." *Id.* at 812.
12 However, a mortgage sales manager had told the consumer that the $400 "lock-in" fee the
13 consumer paid was not subject to rescission.  The Ninth Circuit held that the sales manager's
14 representations rendered the disclosure of the consumer's right to rescind unclear.  *Id.*

15       Here, the Ramanujams initially were given TILA disclosures that miscalculated the APR
16 by 0.219%, the finance charge by $70,173.61; and the amount of the bulk of the loan payments
17 by $221.27.  Ramanujam claims that he and his wife were misled about the significance of these
18 errors because of assurances and confusing language contained in the cover letter accompanying
19 the corrected disclosures.  Ramanujam points to the assurance in the cover letter that the "the
20 terms of your loan" are unchanged.  He also argues that the use of the term "Index Value" was
21 confusing, particularly when the letter indicated that the value should have been updated when
22 the "loan program was changed to better suit your needs." Pl.'s Decl. ¶ 4, Ex. 4.  Finally, he
23 asserts that the extent and significance of the errors in the original disclosures was masked by the
24 intimation that the purpose of the new disclosures was "so [Reunion] [could] have the correct
25 information on file." *Id.*

26       Defendants contend that nothing in the cover letter is inconsistent with the requirements
27 of TILA.  They also rely upon the unambiguous statement in the cover letter that "there [was] an
28 error on your 'Federal Truth in Lending Disclosure Statement,'" and that payment information

had been "calculated incorrectly." *Id.* They observe correctly that the statement that the terms of the loan as evidenced by the Note note and deed of trust were unchanged in fact was true. *See Jackson v. Grant*, 890 F.2d 118, 119 (9th Cir. 1989) ("The terms of the loan were set out in the note and deed of trust executed . . . ."). Finally, they note that the package containing the corrected TILDS included a new "Notice of Right to Cancel" form informing the Ramanujams that they could rescind the loan not later than midnight on July 23, 2007. Berlinski Decl., ¶ 7, Ex. B.

It is true, as argued by Ramanujam, that while the loan still was an adjustable rate mortgage with an interest rate calculated on the LIBOR six-month interest rate, and while the actual provisions of Note were unchanged, the estimated cost of the loan to the Ramanujams *had* changed. At the same time, nothing in the cover letter would prevent a reasonable consumer from noticing and understanding the accompanying TILA disclosures. The cover letter clearly and conspicuously informed the Ramanujams that the original TILA disclosure was inaccurate. It identified the error as the use of an incorrect "Index Value," and it stated plainly and explicitly that the payment information in the original disclosure was incorrect. While Ramanujam contends that the term "Index Value" would be unfamiliar to the average consumer, the Note and accompanying disclosures he received at closing make clear repeatedly that the interest rate of the loan will be calculated on the basis of an index. Any ambiguity could have been resolved by a review of the accompanying TILDS.

Moreover, nothing in the corrected disclosures, including the assurance in the cover letter that the terms of the loan were unchanged, explains or justifies Ramanujam's apparent failure even to examine the corrected TILDS. Had he done so, it would have been readily apparent that the interest rate, finance charge, and most common payment were different from those disclosed in the original loan documents. In contrast to *Jones* and *Jenkins*, Reunion's cover letter did not contain any inaccurate information, and it clearly informed Ramanujam that there were inaccuracies in the previous disclosure.

On the undisputed facts of the case, the Court concludes as a matter of law that the Ramanujams' statutory right to rescind expired on July 23, 2007. Accordingly, the instant

7

claims for rescission, quiet title, cancellation of instruments, declaratory relief, and violation of TILA are time-barred and cannot survive summary judgment.

**B.     Ramanujam's RESPA Claim**

Ramanujam also asserts a RESPA claim against Citi, claiming that Citi failed to conduct an investigation and provide requested information and documents as required by 12 U.S.C. § 2605(e). Citi seeks summary judgment on the basis that Ramanujam has failed to allege or present evidence of cognizable damages.

Although 12 U.S.C. § 2605 does not contain an explicit pleading standard, a number of courts, including courts in this district, have read the statute as requiring a showing of pecuniary harm in order to state a claim.[4] *See Allen v. United Financial Mortgage Corp.*, 660 F. Supp. 1089, 1097 (N.D. Cal. 2009); *Amaral v. Wachovia Mortgage Corp.*, 692 F. Supp. 2d 1226, 1232 (E.D. Cal 2010); *Hutchinson v. Delaware Savings Bank FSB*, 410 F. Supp. 2d 374, 383 (D.N.J. 2006). Citi contends that Ramanujam has not suffered any pecuniary damages. The operative complaint seeks relief for "actual damages, statutory damages, costs of suit, and attorney's fees." FAC ¶ 40. However, statutory damages are available only where there is a "pattern or practice of noncompliance" with RESPA, which Ramanujam does not allege, *see* 12 U.S.C. § 2605(f)(1)(b), and litigation costs alone are insufficient to demonstrate actual damages, *see Lal v. American Home Servicing, Inc.*, 680 F. Supp. 2d 1218, 1223 (E.D. Cal. 2010) ("Nor does simply having to file suit suffice as a harm warranting actual damages. If such were the case, every RESPA suit would inherently have a claim for damages built in."). In discovery, Ramanujam stated that his damages consisted of "economic damages (obtaining loan terms which were not as

---

[4] The statute provides:
Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts:
(1)     Individuals. In the case of any action by an individual, an amount equal to the sum of–
    (A)     any actual damages to the borrower as a result of the failure; and
    (B)     any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $1,000.
12 U.S.C. § 2605(f).

8
Case No. C 09-3030 JF (HRL)
ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT
(JFLC3)

1  favorable as terms which would have been available to him from other lenders), inconvenience,
2  emotional and mental distress." Pl.'s RFA Response, 3:19-23.  However, damages for
3  inconvenience and emotional and mental distress are not pecuniary damages that can support a
4  claim under RESPA.  *See Lal*, 680 F. Supp. 2d at 1223; *Allan* 660 F. Supp. 2d at 1097.  Nor has
5  Ramanujam shown how his inability to acquire more favorable financing from other lenders
6  [occurred] "as a result of the failure" of Citi to conduct a RESPA investigation or respond to a
7  qualified written request, 12 U.S.C. § 2605(f)(1)(A).

8        Ramanujam did not address Citi's RESPA's arguments in its opposition brief.  For the
9  reasons described above, the Court concludes that Citi is entitled tosummary judgment on this
10 claim.

### III. ORDER

12       Defendants' motions for summary judgment with respect to Ramanujam's claims for
13 rescission, quiet title, cancellation of instruments, declaratory relief, and violation of TILA will
14 be GRANTED.  Citi's separate motion for summary judgment with respect to Ramanujam's
15 RESPA claim also will be GRANTED.  The Clerk shall enter the judgment and close the file.

17 IT IS SO ORDERED.

19 DATED: February __, 2011
                           JEREMY FOGEL
20                           United States District Judge

Case No. C 09-3030 JF (HRL)
ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT
(JFLC3)